**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JOY LYNN REYNOLDS,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 7:13-CV-082-BL** |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of Social Security,** | § | |
| **Defendant.** | § | **Assigned to U.S. Magistrate Judge** |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Joy Lynn Reynolds (Reynolds) seeks judicial review of the Commissioner of Social Security's (Commissioner) decision, which denied her application for disability benefits under Title XVI of the Social Security Act. All parties consented to the jurisdiction of the United States Magistrate Judge, (Doc. 16), and the United States District Judge ordered the case be reassigned to this court. (Doc. 17).

After considering all the pleadings, briefs, and administrative record, this court vacates the Commissioner's decision and remands the case for further administrative proceedings.

**Statement of the Case**

Reynolds protectively filed her application for supplemental security income on March 1, 2011, alleging disability beginning on February 23, 2010. The claim was denied first on May 12, 2011, and again upon reconsideration on August 9, 2011. Reynolds appealed and a hearing was conducted before an administrative law judge (ALJ) on May 23, 2012. On June 25, 2012, the ALJ issued his decision denying benefits. (Doc. 14-2, p. 14–19). The Appeals Council denied review on May 7, 2013. (Doc. 14-2, p. 6). Therefore, the ALJ's decision is the Commissioner's

final decision and is properly before the court for review. *See Higginbotham v. Barnhart,* 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## **Factual Background**

At the time she filed her claim for benefits, Reynolds was a forty-five year old mother and grandmother. (Doc. 14-2, p. 29). She alleged she had a number of health conditions, most notably of the respiratory and musculoskeletal variety. She had an eighth grade education and had performed no substantial gainful activity within the fifteen years prior to her application for benefits. (Doc. 20, p. 3). The ALJ found that Reynolds had two severe impairments—chronic obstructive pulmonary disease (COPD) and spondylolisthesis, (Doc. 14-2, p. 16)—neither of which met or equaled a listed impairment. *See* Doc. 14-2, p. 16; 20 C.F.R. 404 Subpart P, Appendix 1. Although Reynolds smoked, which contributed to her respiratory problems, she did not allege a singular event caused her spondylolisthesis. She claimed, rather, that both conditions formed over time, ultimately rendering her disabled.

## **Standard of Review**

A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart,* 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)–(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe

impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422, 28 L. Ed. 2d 842 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover,

"'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id*. (quoting *Newton*, 209 F.3d at 452).

**Discussion**

Reynolds raises one issue on appeal. She contests the ALJ's step five analysis.

Vocational Expert or Other Similar Evidence

As noted, at step five in the sequential analysis, the ALJ considers whether jobs exist in the national economy that the claimant could perform, taking into account "the claimant's, age, education, and work experience, as well as [the claimant's RFC]." *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987); 20 C.F.R. § 404.1520(g). At step five, the burden shifts from the claimant to the Commissioner. *Audler*, 501 F.3d at 448; *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

"When the characteristics of the claimant correspond to the criteria in the Medical-Vocational Guidelines of the regulations, and the claimant either suffers only from exertional impairments or his nonexertional impairments do not significantly affect his residual functional capacity, the ALJ may rely exclusively on the Guidelines in determining whether there is other work available that the claimant can perform." *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987) (citation omitted). "Otherwise, the ALJ must rely upon expert vocational testimony or other similar evidence to establish that such jobs exist." *Id.* That is to say, "if the claimant has both exertional and nonexertional impairments and the nonexertional limitations significantly affect his residual functional capacity, then the ALJ must base his or her findings on a vocational expert's testimony or other similar evidence." *Ashworth v. Chater*, 99 F.3d 1135 (5th Cir. 1996) (unpublished) (citing *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir.1987)); *see Wingo v. Bowen*, 852 F.2d 827, 830 (5th Cir.1988); *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th

Cir.1981).

A "severe" impairment by definition "significantly limits [a claimant's] physical or mental ability to do basic work activities." *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. § 404.1520(c).

The ALJ found that Reynolds had two severe impairments: COPD and spondylolisthesis. Therefore, Reynolds has limitations that significantly affect her RFC. *See Barnhart*, 540 U.S. at 24; *Ashworth*, 99 F.3d at 1135. It is uncontested that Reynolds suffers from exertional and nonexertional impairments. (Doc. 20, p. 8; Doc. 22, pp. 5–7). Accordingly, exclusive reliance upon the Medical-Vocational Guidelines in this case would have been inappropriate. *See, e.g.*, *Fraga*, 810 F.2d at 1304. The ALJ was required to "base his . . . findings on a vocational expert's testimony or other similar evidence." *Ashworth*, 99 F.3d at 1135; *see, e.g.*, *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986).

In his decision, the ALJ did not give any reasoning for his conclusion that Reynolds's "additional limitations have little or no effect on the occupational base of unskilled light work." (Doc. 14-2, p. 18). No vocational expert (VE) was present at the administrative hearing to give expert testimony. Nor did the ALJ refer to any "other similar evidence." The Commissioner argues that the ALJ took "administrative notice of the existence of 1,600 unskilled, light occupations." (Doc. 22, p. 4). The Commissioner does not, however, articulate how the ALJ applied Reynolds's particular combination of exertional and nonexertional impairments to those 1,600 jobs. That is, the ALJ did not articulate why Reynolds's impairments had "little or no effect on the occupational base of unskilled light work." (Doc. 14-2, p. 18).

The ALJ's conclusion about the affect Reynolds's impairments had on the job base should have been supported by "expert vocational testimony concerning those jobs," *Lawler v.*

*Heckler*, 761 F.2d 195, 198 (5th Cir. 1985), or "other similar evidence." *See, e.g.*, *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). The Fifth Circuit Court of Appeals has previously stated the importance of the VE: "The value of a [VE] is that he [or she] is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. A [VE] is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform a specific job." *Fields*, 805 F.2d at 1170. The Commissioner here did not produce expert vocational testimony or similar evidence for its conclusion that Reynolds could perform certain jobs. As such, her decision is not based on substantial evidence. *See id.* at 1171.

**Conclusion**

For the foregoing reasons, the decision of the Commissioner is **VACATED** and the case is **REMANDED** to the Commissioner to produce expert vocational testimony or other similar evidence. Any appeal shall be to the Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

**SO ORDERED.**

Dated this 4th day of December, 2014.

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**